```
              IN THE UNITED STATES DISTRICT COURT
             FOR THE NORTHERN DISTRICT OF GEORGIA
                       ATLANTA DIVISION


UNITED STATES OF AMERICA       : CRIMINAL ACTION
                               :
          v.                   : NO.  1:08-CR-356-18-WSD-ECS
                               :
LUZ MARINA LOAIZA-CLAVIJO      :
```

**O R D E R**

The above matter came before this Court on March 12, 2011, for a status hearing on competency under 18 U.S.C. § 4241(e) after Defendant was returned to this district from the Federal Medical Center, Carswell, in Fort Worth, Texas, following her commitment for treatment under 18 U.S.C. § 4241(d).  [Doc. 758].  The Warden of that facility issued his certificate of competency on September 28, 2010, certifying that Defendant had recovered to a "the extent that she is able to understand the nature and consequences of the proceedings against her and is able to assist properly in her defense."  See Gov. Exh. 1.  The certificate was accompanied by a forensic competency report from the medical center, both of which were provided to the Court.  Id.

This Court attempted to set the case down for a competency hearing on several occasions, but the hearing was delayed due primarily to medical issues relating to Defendant.  The case then came on for a status conference relating to the competency hearing on April 12.  At this hearing, the evidence regarding competency

was discussed and it was agreed the Defendant would be given until April 22, 2011, to state whether she would stipulate to the report of the FMC at Carswell without the need to produce testimony from the doctors. This stipulation and further hearing were delayed again, also due to health issues of the Defendant. The matter was finally set down for competency hearing on June 29, 2011.

At the hearing on June 29, the government tendered into evidence the Forensic Evaluation of Defendant dated September 3, 2010, and the Certificate of Recovery with accompanying cover letter dated September 28, 2011, and offered the forensic report in support of a finding that Defendant was now competent. Gov. Exh. 1. Defense counsel stipulated to the admissibility of the forensic evaluation and announced that Defendant was presenting no evidence in opposition. The evidence was then closed.

Accordingly, pursuant to 18 U.S.C. § 4241(d), after considering the evidence of record, this Court finds by a preponderance of the evidence that the Defendant has recovered to such an extent that she is able to understand the nature and consequences of the proceedings against her and assist properly in her defense.

Having made the above finding, this Court will set this case down for a pre-trial conference as soon as possible and proceed to make the case ready for trial. The time from the filing of the motion for psychiatric exam on September 17, 2009 [Doc. 514] through the conclusion of the proceedings herein and entry of this

order on June 29, 2011, shall be excluded from the computation of time under the Speedy Trial Act, pursuant to 18 U.S.C. § 3161(h)(1)(A), (D), (F), and (B)(4), without regard to whether such time may also be excludable for other reasons.

**SO ORDERED,** this 29th day of June, 2011.

> ***/S/ E. Clayton Scofield III***
> E. CLAYTON SCOFIELD III
> UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev.8/82)