```
          IN THE UNITED STATES DISTRICT COURT
         FOR THE NORTHERN DISTRICT OF GEORGIA
                    ATLANTA DIVISION
```

UNITED STATES OF AMERICA,     :
                              :   CRIMINAL ACTION
                              :   NO: 1:08-CR-356-18-WSD-ECS
v.                            :
                              :
                              :
LUZ MARINA LOAIZA CLAVIJO     :
                              :
                              :
            Defendant.        :

**REPORT AND RECOMMENDATION OF**
**UNITED STATES MAGISTRATE JUDGE**

This matter is before the Court on Defendant's motion to suppress wiretaps. [Doc. 347, 792]. Defendant filed a particularized motion under seal and the government responded on August 12, 2011. [Doc. 797]. Defendant's reply was filed on September 2, 2011. [Doc. 805]. For the reasons stated below, the undersigned **RECOMMENDS** that the motion be **DENIED**.

The motion to suppress wiretaps, as particularized, complains that some of the wiretaps as to which Defendant has standing were not authorized by the Attorney General ("AG") as required by law. The Defendant also claims that the wiretaps were not properly sealed pursuant to 18 U.S.C. § 2518(8)(a). Other generic grounds for suppression stated in the original motion were abandoned. [Doc. 792, 805].

With respect to the argument regarding sealing, the Defendant has withdrawn this ground of challenge to the wiretaps after the government provided proof of sealing. [Doc. 805]. The motion on this ground is therefore **MOOT**.

With respect to four of the wiretaps relating to four of the target telephones, Target Telephones ("TT's") 10, 12, 13, and 15, Defendant complains that these wiretaps were not properly authorized by the AG. [Doc. 805 at 2]. In particular, the Defendant argues that the authorizing orders referenced in these applications had been revoked at the time the applications were approved. Id. In response, the government submits that the applications for TT's 10, 12, 13 and 15 accurately identified the official who was designated by the AG to authorize the application, but the application erroneously referred to the incorrect AG authorizing order. [Doc. 797 at 5]. Defendant contends that this error requires suppression. [Doc. 792, 793, 805 at 3].

The record reflects that, while the wiretap applications referred to the incorrect authorizing order, the wiretaps were in fact aproved by a designated official authorized as required by 18 U.S.C. § 2516(1). Thus, in this case the applications identified the individuals who in fact approved the applications and were legally authorized to do so under Attorney General Order 2887-

2

2007, but the application erroneously cited to an order no longer in force, Attorney General Order Order 2758-2005. [Doc. 797 at 9-10]. A valid Attorney General Order was, however, in force at the time.

Resolution of the question of whether this error in the applications should mandate suppression of the wiretaps must begin with United States v. Giordano, 416 U.S. 505, 94 S.Ct. 1820, 40 L.Ed.2d 341 (1974), and United States v. Chavez, 416 U.S. 562, 94 S.Ct. 1849, 40 L.Ed.2d 380 (1974). Those cases hold that "[not] every failure to comply fully with any requirement provided in Title III would render the interception of wire or oral communications 'unlawful.' " Id., 416 U.S. at 574-575, 94 S.Ct. at 1856. To the contrary, suppression is required only for a "failure to satisfy any of those statutory requirements that directly and substantially implement the congressional intention to limit the use of intercept procedures to those situations clearly calling for the employment of this extraordinary investigative device." Giordano, 416 U.S. at 527, 94 S.Ct. at 1832.

In this case, the error is not of such a debilitating nature as to require suppression. While the applications for the wiretaps referred to an authorizing order no longer in force, a valid order was in fact in force authorizing the designated officials to

3

approve the applications.  Given that the designated official was legally authorized to approve the applications, and did so, the error in the reference could not have materially undermined the congressional intent to limit the use of wiretaps to the appropriate situations.  Defendant has cited no authority on point to the contrary.

Accordingly, the undersigned **RECOMMENDS** that the motion to suppress wiretaps, as particularized, [Doc. 347, 792], be **DENIED**.

**SO REPORTED AND RECOMMENDED**, this 7th day of October, 2011.

*/s/ E. Clayton Scofield III*
E. Clayton Scofield III
**UNITED STATES MAGISTRATE JUDGE**

4