```
                    UNITED STATES DISTRICT COURT
                FOR THE NORTHERN DISTRICT OF GEORGIA
                           ATLANTA DIVISION

UNITED STATES OF AMERICA        :      CRIMINAL ACTION
                                :
            v.                  :      NO. 1:08-CR-356-18-WSD-ECS
                                :
LUZ MARINA LOAIZA-CLAVIJO       :
```

**REPORT AND RECOMMENDATION
OF THE MAGISTRATE JUDGE**

**I.**

**Summary of Issues and Recommendation**

This matter is before the Court on Defendant Luz Marina Loaiza Clavijo's Motion to Suppress Vehicle Search, [Doc. 339], and Motion to Suppress Search of Home, [Doc. 340]. Defendant was given until September 2, 2011, to file any reply briefs, and the reply briefs have been filed. The motions are now therefore fully briefed and ready for a report and recommendation.

The threshold and determinative issue is whether the search warrant signed by United States Magistrate Judge Janet King on October 24, 2008, was supported by a sufficient showing of probable cause to authorize the search of Defendant's residence that was conducted four days later on October 28, 2008. If the warrant is found to be valid, then the Court must also determine whether the search of the Toyota Sequoia vehicle that was parked in the garage at the time of the search was within the scope of the search authorized by the warrant.

The undersigned concludes that the warrant was valid and that the search of the vehicle was within the scope of the warrant. Therefore, it is not necessary to reach the issue of whether the written consent to search the vehicle obtained by the agents was voluntarily given by Defendant. Finally, regarding the alleged failure of the agents to knock before forcing entry into the residence, allegedly in violation of 18 U.S.C. § 3109, Defendant concedes that suppression of evidence is not an available remedy and has withdrawn this ground for suppression. [Doc. 801 at 3]. In short, the undersigned concludes that the motions to suppress evidence from the residence and vehicle searches should be **DENIED**.

**II.**
**Discussion**

**A.  Was the warrant supported by probable cause?**

Defendant argues that the affidavit submitted in support of the warrant application fails to demonstrate probable cause for the issuance of the warrant.  In particular, Defendant argues that the affidavit fails to establish a sufficient connection between the alleged unlawful activity and the place to be searched. Defendant further argues that mere opinions of the affiant should be disregarded in the probable cause analysis.  Defendant also contends that reliance on a telephone call intercepted four months prior to the issuance of the warrant is unjustified on the grounds of staleness.

AO 72A
(Rev.8/82)

Under the Fourth Amendment "no Warrants shall issue, but upon probable cause ...." U.S. Const. Amend. IV. "Probable cause to support a search warrant exists when the totality of the circumstances allow a conclusion that there is a fair probability of finding contraband or evidence at a particular location." United States v. Brundidge, 170 F.3d 1350, 1352 (11th Cir. 1999). "[T]he [warrant] affidavit must contain sufficient information to conclude that a fair probability existed that seizable evidence would be found in the place sought to be searched." United States v. Martin, 297 F.3d 1308, 1314 (11th Cir. 2002) (internal quotation marks and citation omitted). Furthermore, as the Supreme Court has reiterated, the "physical entry of the home is the chief evil against which the wording of the Fourth Amendment is directed." Payton v. New York  445 U.S. 573, 585-86, 100 S.Ct. 1371, 1379-80 (1980).  In that regard, the affidavit in support of a search warrant must also "establish a connection between the defendant and the residence to be searched and a link between the residence and any criminal activity." Martin, 297 F.3d at 1314

"[The] task of the issuing magistrate [in determining whether to issue a warrant] is simply to make a practical, common-sense decision whether, given all the circumstances set forth in the affidavit before him, including the 'veracity' and 'basis of knowledge' of persons supplying hearsay information, there is a

3

fair probability that contraband or evidence of a crime will be found in a particular place." Illinois v. Gates, 462 U.S. 213, 238, 103 S.Ct. 2317, 2332, 76 L.Ed.2d 527 (1983).

In this case the affidavit sets forth sufficient facts for the magistrate judge to have concluded that Defendant was and had been engaged in criminal activity. The facts alleged in the affidavit demonstrated probable cause to believe that Defendant was working for and with an individual named Rodriguez who was a "cell manager" for the Gulf Coast Cartel Drug Trafficking Organization ("DTO"), managing warehouses for the receipt and distribution of drugs; the collection and storage of drug proceeds from customers in and around the Atlanta area; oversight of the offloading distribution of drugs; and other activities related to the operations of the DTO.

The affidavit, in particular, sets forth facts sufficient for probable cause to believe Defendant assisted in the collection of drug proceeds; acted as a driver for Rodriguez in connection with his DTO activities; possessed and maintained books and ledgers regarding the payment of bills and collection of proceeds; obtained apartments for use as "stash houses" in connection with drug trafficking activities. See generally, Affidavit of Andre Kenneybrew [Doc. 799, Exh. A]. The affidavit described an intercepted conversation on October 19, 2008, a mere five days

4

prior to the issuance of the warrant, in which Rodriguez spoke with Defendant asking her to "bring me the paper machine, the bags and the tape," after prior intercepted conversations indicating that a collection of drug proceeds had been made. Id. at ¶ 23 [Doc. 799, Exh. A].

Information from an earlier intercepted conversation in May, 2008, also supports probable cause and is not stale, given the continuity of Defendant's relationship to the ongoing drug trafficking activities. See Id. at ¶ 24.b; United States v. Domme, 753 F.2d 950, 953 (11th Cir. 1985) ("When criminal activity is protracted and continuous, it is more likely that the passage of time will not dissipate probable cause.") (citing United States v. Tehfe, 722 F.2d 1114, 1119 (3d Cir. 1983), cert. denied, 466 U.S. 904 (1984)).

Probable cause to believe that Defendant has engaged in criminal activity does not end the inquiry, however. As noted above, in order to establish probable cause, a search warrant affidavit must "state facts sufficient to justify a conclusion that evidence or contraband will probably be found at the premises to be searched." United States v. Martin, 297 F.3d 1308, 1314 (11th Cir.2002). This standard does not require certainty, but rather "a fair probability." See Id. "Specifically, the affidavit should establish a connection between the defendant and the

5

residence to be searched and a link between the residence and any criminal activity." Id.; United States v. Jenkins, 901 F.2d 1075, 1080-81 (11th Cir.1990).

In this case, there is a dearth of evidence directly linking the drug trafficking transactions to Defendant's residence other than that Defendant drove her vehicle, the same vehicle used in the DTO activities, to her home.  The government appears to rely upon an inference that, in view of the nature of Defendant's activities in assisting with money collection and other business activities of the DTO, there would be probable cause to believe that evidence of the transactions would be found in ledgers or other records at her home.

The undersigned concludes that a sufficient nexus was established in the affidavit. Evidence that the defendant is or has been in possession of evidence that is of the type that would normally expect to be hidden at her residence will support a search.  United States v. Anton, 546 F.3d 1355, 1358 (11th Cir.2008)  Furthermore, "a police officer's expectation, based on prior experience and the specific circumstances of the alleged crime, that evidence is likely to be found in a suspect's residence satisfies probable cause." United States v. Bradley, 644 F.3d 1213, 1263-64, 2011 WL 2565480, *28 (11th Cir. June 29, 2011)

The affidavit establishes probable cause to believe that Defendant assisted in drug-related money transactions and kept

6

books and records of such transactions for Rodriguez. Books, papers and records of such drug trafficking money transactions, including currency, would be evidence expected to be kept and stored at the Defendant's residence on an ongoing basis, as stated by the agent in the affidavit. See Affidavit ¶¶3(f),(g)(1),24(c)(d); Jenkins, at 1080–81 (11th Cir.1990) (nexus between items to be seized and defendant's home can be established circumstantially where contraband is capable of being hidden in residence); United States v. Tate, 586 F.3d 936, 942–43 (11th Cir.2009) (holding that "the nexus between the objects to be seized and the premises searched can be established from the particular circumstances involved and need not rest on direct observation"). The nexus requirement in this affidavit, therefore is met.

Having found that the affidavit was sufficient to establish probable cause for the searches covered by the search warrant, it is unnecessary to discuss the applicability of the good faith exception to the exclusionary rule, except to say that since the warrant was valid and based on probable cause, Agent Kenneybrew clearly had a good faith basis for relying on it. See generally United States v. Leon, 468 U.S. 897 (1984).

**B.   The Search of the Vehicle in the Garage.**

Defendant argues that the search of the Toyota Sequoia that was parked in the garage at the residence was not authorized by

7

the warrant and that the written consent obtained by the agents was not voluntary. The magistrate judge, however, found probable cause to believe that evidence of drug trafficking activity would be found "on the property or premises" identified as the residence located at 1112 Tupelo Chase Court, Auburn, Georgia, and issued the warrant. The Toyota was located "on the premises," as it was parked within the garage.  See United States v. Napoli, 530 F.2d 1198, 1200 (5th Cir. 1976)(reference to 'on the premises known as 3027 Napoleon Avenue' sufficient to embrace the vehicle parked in the driveway on those premises."), cert. denied, 429 U.S. 920, 97 S.Ct. 316, 50 L.Ed.2d 287 (1976); see also United States v. Cole, 628 F.2d 897, 899-900 (5th Cir. 1980); United States v. Bulgatz, 693 F.2d 728 (8th Cir. 1982).

Where a warrant has been issued, "a lawful search of fixed premises generally extends to the entire area in which the object of the search may be found and is not limited by the possibility that separate acts of entry or opening may be required to complete the search." United States v. Ross, 456 U.S. 798, 820-21, 102 S.Ct. 2157, 2170-71, 72 L.Ed.2d 572 (1982) (footnote omitted); see also United States v. Whiddon, 146 F. App'x 352, 355-56 (11th Cir. 2005)(unpublished).  Based upon this authority, the undersigned concludes that the search of the vehicle in the garage and any containers therein was justified under the terms of the warrant. Because the search of the vehicle was justified under the warrant,

it is not necessary to decide whether the written consent obtained by the agents for the search of the vehicle was voluntary.

### III.
### Conclusion and Recommendation

For the reasons discussed above, the undersigned recommends that the motions to suppress evidence from the search of the home and the search of the vehicle [Doc. 339, 340], be **DENIED**.

**IT IS SO REPORTED AND RECOMMENDED**, this 13th day of October, 2011.

*s/ E. Clayton Scofield III*
E. Clayton Scofield III
UNITED STATES MAGISTRATE JUDGE